UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JANE ELLEN KISSNER,<br><br>      Plaintiff,<br><br> v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>      Defendant. | Case No. 3:14-cv-05883-KLS<br><br>ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

  Plaintiff has brought this matter for judicial review of the defendant Commissioner's partial denial of her application for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, the Commissioner's decision to deny benefits prior to July 3, 2013, is affirmed.

<u>FACTUAL AND PROCEDURAL HISTORY</u>

  On April 20, 2007, Plaintiff protectively filed an application for SSI, alleging disability as of August 15, 2002[1], due to cancer, seizures, short-term memory loss, a broken jaw, and weakness. <u>See</u> Administrative Record ("AR") 173-75, 178, 183. Her application was denied upon initial administrative review and on reconsideration. <u>See</u> AR 122-25, 134-39. A hearing was held before an administrative law judge ("ALJ") on January 13, 2010, at which Plaintiff,

---

[1] At the first administrative hearing, Plaintiff amended her onset date to February 22, 2006. AR 41-44.

ORDER - 1

represented by counsel, appeared and testified, as did Plaintiff's friend. See AR 37-114. On January 29, 2010, the ALJ issued a decision finding Plaintiff not disabled. See AR 22-32. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on August 26, 2011, making the ALJ's decision the Commissioner's final decision. See AR 6-11; see also 20 C.F.R. § 404.981, § 416.1481. Plaintiff sought judicial review, and the District Court for the Western District of Washington reversed and remanded the case for further proceedings. AR 1289-1318.

A second administrative hearing was held on February 27, 2013, during which Plaintiff amended her alleged onset date to April 20, 2007. AR 1189-1228. The ALJ subsequently issued a decision finding Plaintiff disabled as of July 3, 2013, but not disabled before that date. AR 1045-83. On November 6, 2014, Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision. See ECF ## 1, 3. The administrative record was filed with the Court on January 20, 2015. See ECF # 10. The parties have completed their briefing, and thus this matter is now ripe for judicial review and a decision by the Court.

Plaintiff argues the ALJ's decision should be reversed and remanded to the Commissioner for a finding of disability as of her alleged onset date, or further proceedings in the alternative, because the ALJ erred in failing to find Plaintiff's mental health conditions severe at step two, in the absence of her substance abuse, and in failing to accommodate the mental limitations indicated by her providers in assessing her residual functional capacity ("RFC"). For the reasons set forth below, the Court disagrees that the ALJ erred, and therefore affirms the Commissioner's decision.

//

//

ORDER - 2

# DISCUSSION

## I. Standards of Review

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Comm'r of Social Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." (citing Brawner v. Sec'y of Health & Human Servs., 839 F.2d 432, 433 (9th Cir. 1987))).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("'Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.'" (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971))). [2]

---

[2] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by

ORDER - 3

II. The ALJ's Findings Regarding Mental Impairments and Limitations

Plaintiff argues that the ALJ erred in finding that her mental conditions were not severe, in the absence of substance abuse. See AR 1050, 1052-67. Specifically, she argues that opinions provided by Mary Lemberg, M.D., Brett Copeland, Psy.D., and Julie Dura, B.A., establish that her mental conditions have more than a minimal effect on her ability to work, and that the ALJ erred in discounting those opinions. The Court will first address the legal standards applicable to reviewing the ALJ's step-two findings and assessment of medical opinion evidence, and then turn to consider whether the ALJ erred in assessing the disputed opinions.

A. *Legal Standards*

1. *Step Two*

The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. See 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. See id. At step two of the evaluation process, the ALJ must determine if an impairment is "severe." 20 C.F.R. § 404.1520, § 416.920. An impairment is "not severe" if it does not "significantly limit" a claimant's mental or physical abilities to do basic work activities. 20 C.F.R. § 404.1520(a)(4)(iii), (c), § 416.920(a)(4)(iii), (c); see also Social Security Ruling ("SSR") 96-3p, 1996 WL 374181, at *1 (Jul. 2, 1996). Basic work activities are those "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b), § 416.921(b); SSR 85-28, 1985 WL 56856, at *3 (Jan. 1, 1985).

---

substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

ORDER - 4

2.     *Medical Opinion Evidence*

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981); Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. See Lester, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Batson, 359 F.3d at 1195; see also Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

Lay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence and cannot be disregarded without comment. *Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). The ALJ can reject the testimony of lay witnesses only upon giving germane reasons. *Smolen v. Chater*, 80 F.3d 1273, 1288-89 (9th Cir. 1996)

ORDER - 5

B.   *Dr. Lemberg*

Dr. Lemberg examined Plaintiff in May 2011, and concluded that she was able to complete simple, repetitive tasks, but would have difficulty with adaptation, accepting instruction, interacting with co-workers and the public, performing work activities on a consistent basis, completing a normal workday or workweek without significant interruption from her psychiatric conditions, and dealing with the usual workplace stress. AR 2051-57. The ALJ described Dr. Lemberg's findings at length, but gave them "very little weight" due to Dr. Lemberg's reliance on Plaintiff's non-credible self-report. AR 1060-61.

Plaintiff argues that Dr. Lemberg's opinion demonstrates that her mental impairments cause more than minimal limitations on her ability to work, but does not acknowledge that the ALJ discounted Dr. Lemberg's opinion or argue why that assessment was erroneous. See ECF # 11. As such, Plaintiff has failed to establish error in the ALJ's decision pertaining to Dr. Lemberg's opinion, and fails to show that the ALJ should have relied on Dr. Lemberg's opinion to find her mental impairments severe.

C.   *Dr. Copeland*

Dr. Copeland examined Plaintiff in April 2010, and completed a DSHS form opinion describing Plaintiff's mental limitations. AR 971-91. Dr. Copeland performed a mental status examination, and administered an IQ test and Trailmaking test. AR 977-82, 985-88. He opined that Plaintiff could complete simple and repetitive tasks, but that

> [g]iven [her] diagnoses of Major Depressive Disorder, Recurrent, Severe with Psychotic Features[,] and Anxiety Disorder NOS, her prospects for meeting minimal standards of social functioning are questionable. Certain individuals with these diagnoses are able to work with proper psychotropic medication management, but Ms. Kissner reports little or no benefit from psychotropic support. Her current medication, Celexa, is likely inadequate in addressing her symptoms of depression and paranoia and she appears to struggle to meet a minimal standard of attention to her [activities of daily living]. It is recommended

ORDER - 6

> that she be considered for a medication adjustment and receive psychotherapy. However, given her symptom severity and degree of functional impairment, I am of the opinion that her prognosis for return to work is below average. Consequently, I believe that she may be a good candidate for [Social Security disability].

AR 990-91.

The ALJ summarized Dr. Copeland's findings, and assigned little weight to his conclusions. AR 1056-57. As to Dr. Copeland's conclusions about Plaintiff's cognitive functioning, the ALJ stated that he discounted those conclusions in light of evidence that Plaintiff had malingered on other cognitive tests. AR 1056. Dr. Copeland did not test for malingering, and the ALJ found "it reasonable to conclude that the claimant did not give full effort on the IQ or the [mental status examination] testing with Dr. Copeland." Id.

As to Dr. Copeland's conclusions about Plaintiff's social, persistence, and adaptation limitations, the ALJ discounted Dr. Copeland's opinion to the extent that it was based on Plaintiff's diagnoses, rather than "observed functioning or clinical findings." AR 1056-57. The ALJ also noted that although Dr. Copeland based his conclusions in part on Plaintiff's reported inability to manage her symptoms via psychotropic medications, at the time that Dr. Copeland examined Plaintiff, she had tried only one medication and subsequent evidence showed that she reported relief from an antidepressant. AR 1057 (citing AR 2448).

Plaintiff challenges only some of the ALJ's reasons for discounting Dr. Copeland's opinion, arguing that his opinion was not based on generalizations but "on his own observations of how Ms. Kissner's conditions affect her." ECF # 13 at 2. Plaintiff also argues that Dr. Copeland performed testing during his examination, and thus Dr. Copeland's opinion was not based solely on her subjective self-reporting. ECF # 13 at 3.

ORDER - 7

Plaintiff's arguments are not persuasive. Dr. Copeland's narrative summary does in fact indicate that he relied on generalizations as to whether a person with Plaintiff's diagnoses would have disabling social limitations, if medication is unhelpful. AR 990. Although Dr. Copeland did record some of his observations in his evaluation report, he did not cite any of these observations as a basis for concluding that Plaintiff has disabling social limitations. Id. Furthermore, the ALJ explained why Dr. Copeland's assumption about Plaintiff's lack of success with medication was not consistent with other evidence in the record. AR 1057. Plaintiff does not address the evidence regarding her success with medication.

Moreover, the ALJ explained why Dr. Copeland's testing was not reliable: because the evidence showed that Plaintiff's malingering had compromised test results, and Dr. Copeland did not test for malingering. AR 1054-55. Thus, although Plaintiff emphasizes that Dr. Copeland's opinion was based on his "tests and examination" (ECF # 13 at 3), she does not address the ALJ's explanation as to why he doubted the veracity of the test and examination results, or explain why this rationale is erroneous. Accordingly, Plaintiff has failed to establish error in the ALJ's assessment of Dr. Copeland's opinion.

D.   *Ms. Dura*

Ms. Dura, Plaintiff's treating counselor, completed a checkbox form opinion regarding Plaintiff's mental limitations. AR 2271-73. Ms. Dura's findings consist entirely of answers selected from multiple-choice questions, and there is no accompanying narrative explanation. Id. The ALJ found that Ms. Dura's opinion was entitled to "very little weight" because her answers were unexplained and conclusory, and likely based on Plaintiff's non-credible subjective self-report. AR 1063-64.

ORDER - 8

Plaintiff argues that the ALJ's reasoning was not germane to Ms. Dura because he "failed to consider that Ms. Dura had a longtime retreating [*sic*] relationship with Ms. Kissner and spends significant time with her on a weekly basis, even seeing her inside and outside of her home." ECF # 11 at 7.  This argument does not address the ALJ's reasoning, however.  That Ms. Dura had a treating relationship with Plaintiff does not overcome her failure to provide any explanation for her opinion.  See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.").

E.  *Step-Two Findings and RFC Assessment*

Although Plaintiff argues that the ALJ should have found her mental impairments to be severe at step two, and should have accounted for mental limitations in the RFC assessment, the medical opinions that she cites in support of that argument were discounted by the ALJ, and she has not established that the ALJ's reasoning was erroneous.  Thus, she has failed to establish an error at step two or in the RFC assessment.

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ properly concluded Plaintiff was not disabled before July 3, 2013.  Accordingly, the Commissioner's decision to deny benefits prior to that date is AFFIRMED.

DATED this 5th day of May, 2015.

Karen L. Strombom
United States Magistrate Judge

ORDER - 9